<div style="text-align:left; writing-mode: vertical">United States District Court
Northern District of California</div>

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ALLEGRO CONSULTANTS, INC., <br><br>      Plaintiff, <br><br>      v. <br><br> WELLINGTON TECHNOLOGIES, INC., et al., <br><br>      Defendants. | Case No.  13-cv-02204-BLF <br><br> **ORDER GRANTING DEFENDANT JASKO'S MOTION TO DISMISS WITH LEAVE TO AMEND** <br><br> **[RE:  ECF 61]** |

Defendant Joseph J. Jasko ("Jasko") moves to dismiss the first amended complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6).  The Court has considered the parties' briefing and the applicable legal authorities.[1]  For the reasons discussed below, the motion is GRANTED WITH LEAVE TO AMEND.

## I.     BACKGROUND[2]

The parties are familiar with the facts giving rise to this lawsuit, which need not be repeated in full here.  In brief, Plaintiff Allegro Consultants, Inc. ("Allegro") claims that it contracted with Defendant Wellington Technologies, Inc. ("Wellington") to provide software support services; that it did provide such services; and that Wellington has failed to pay invoiced charges for such services.  Allegro alleges that it initially entered into a written Software Support

---

[1] The motion was submitted without oral argument pursuant to Civil Local Rule 7-1(b).  *See* Clerk's Notice, ECF 73.

[2] The background facts are drawn from the allegations of the operative first amended complaint, which are accepted as true for purposes of a Rule 12(b)(6) motion.  *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

United States District Court
Northern District of California

1    Services Agreement with Wellington in August 2007.  FAC ¶ 24, ECF 15.  Wellington breached

2    that agreement by failing to pay invoiced charges in excess of $700,000.  *Id.* ¶ 27.  Allegro

3    subsequently entered into a written Vendor Customer Terms Modification Agreement with

4    Wellington in December 2010.  *Id.* ¶ 30.  That agreement modified the invoices that were due and

5    provided a payment schedule requiring Wellington to make monthly payments of approximately

6    $12,000 beginning in February 2011.  *Id.* ¶ 31.  Wellington breached that agreement by failing to

7    make the required monthly payments.  *Id.*  Allegro filed suit against Wellington in this district, but

8    later dismissed that suit based upon Wellington's oral agreement to make payments upon an

9    agreed-upon schedule.  *Id.* ¶ 36.  Wellington made full or partial payments under the agreed-upon

10   schedule from May 2011 through June 2012.  *Id.*

11       Allegro filed the present lawsuit in May 2013.  The operative FAC names as defendants

12   Wellington; three of Wellington's officers, Jasko, James Bizjak ("Bizjak"), and Ed Griglak

13   ("Griglak"); a company that acquired some of Wellington's assets, Audax Solutions, LLC

14   ("Audax"); and Audax's principal, Todd Kimmes ("Kimmes").  *See* FAC, ECF 15.  As relevant

15   here, the FAC alleges that Jasko and Wellington are alter egos.  *See id.* ¶ 9.

16       The FAC asserts claims for:  (1) breach of contract against Wellington; (2) fraud against

17   Jasko and Wellington; (3) common counts for money had and received against all defendants; (4)

18   fraud and intentional misrepresentation against all defendants; (5) fraud and negligent

19   misrepresentation against all defendants; (6) fraudulent concealment against all defendants; (7)

20   false promise against all defendants; (8) declaratory relief against all defendants; (9) fraudulent

21   transfer with actual intent to defraud pursuant to California Civil Code § 3439.04(A)(1) against all

22   defendants; (10) constructive fraudulent transfer pursuant to California Civil Code §

23   3439.04(A)(2) against all defendants; and (11) constructive fraudulent transfer pursuant to

24   California Civil Code § 3439.05 against all defendants.

25       On September 2, 2014, the Court issued an order that *inter alia* dismissed all claims

26   against Bizjak, Audax, and Kimmes for lack of personal jurisdiction and dismissed Claims 9-11

27   for failure to join an indispensable party.  Jasko now seeks dismissal under Rule 12(b)(6) of the

28   claims asserted against him:  fraud (Claim 2), common counts (Claim 3), fraud and intentional

2

misrepresentation (Claim 4), fraud and negligent misrepresentation (Claim 5), fraudulent concealment (Claim 6), false promise (Claim 7), and declaratory relief (Claim 8).

## II.    LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.    DISCUSSION

It is clear from the FAC that this action arises out of a failure to pay monies owed under agreements between Allegro and Wellington.  The FAC alleges liability against Jasko under the theory that Wellington and Jasko are alter egos.  Allegro's opposition to the motion also asserts that the FAC alleges facts sufficient to render Jasko personally liable even absent an alter ego theory.  Jasko argues that the alter ego allegations are entirely conclusory and thus insufficient to meet the pleading standards of *Iqbal* and *Twombly*, and that the FAC does not allege facts giving rise to liability against him personally.

### A.    Procedural Issues

Before turning to the adequacy of Allegro's allegations, the Court must address Jasko's submission of evidence in support of his motion.  Jasko has submitted his own declaration stating

3

United States District Court
Northern District of California

1  that his actions were subject to the authority of the Board and he relies upon that evidence in

2  arguing that he and Wellington were not alter egos.  Jasko also relies extensively upon

3  declarations submitted in connection with a prior motion to dismiss for lack of subject matter

4  jurisdiction.  Allegro correctly points out that the Court may not consider such evidence when

5  deciding a Rule 12(b)(6) motion.  "In assessing whether a plaintiff has carried its Rule 12(b)(6)

6  burden, the Court is generally limited to the face of the complaint and its attached exhibits,

7  materials incorporated therein by reference, and matters suitable for judicial notice."  *Mull v.*

8  *Motion Pictures Industry Health Plan*, 937 F. Supp. 2d 1161, 1170 (C.D. Cal. 2012) (citations

9  omitted).  In his reply, Jasko tacitly concedes the point and requests that the Court convert his

10  Rule 12(b)(6) motion into one for summary judgment under Federal Rule of Civil Procedure 56.

11  *See* Fed. R. Civ. P. 12(d) (permitting court to convert a Rule 12(b)(6) motion to one for summary

12  judgment under Rule 56).  The Court declines to do so in light of the early stage of the

13  proceedings.  Accordingly, the Court has not considered Jasko's current declaration, prior

14  declarations, or any other extrinsic evidence in addressing the pending motion under Rule

15  12(b)(6).

16  For its part, Allegro's opposition brief states that its prior request for judicial notice,

17  submitted in May 2014 in connection with a different motion, "contains the initial evidence to

18  suggest that Jasko exercises more control over – and benefits more personally from his control of

19  – Wellington and Audax – than his self-serving declaration would suggest."  Pl.'s Opp. at 8, ECF

20  68.  The Court declines to go back through the record to determine whether documents submitted

21  more than six months ago in connection with a different motion are appropriate for consideration

22  here.

23  The Court notes that Allegro refers to the present motion as "Jasko's second FRCP

24  12(b)(6) motion against the First Amended Complaint," and implies that the motion is improper

25  because "Jasko elected not to bring all of his purported grounds for dismissal in the original

26  motion."  Pl's Opp. at 3, ECF 68.  Allegro is mistaken as to the nature of Jasko's prior motion,

27  which was not brought under Rule 12(b)(6) but rather under Rules 12(b)(2) (lack of personal

28  jurisdiction), 12(b)(3) (improper venue), and 12(b)(7) (failure to join a party).  To the extent that

the present Rule 12(b)(6) motion should have been brought in conjunction with the earlier ones, the Court exercises its discretion to consider the present motion on the merits. *See Buzayan v. City of Davis*, No. 2:06-cv-1576-MCE-DAD, 2009 WL 514201, at *3 (E.D. Cal. Feb. 26, 2009) (district court has discretion to hear a second motion under Rule 12(b)(6) if it is not brought for the purpose of delay and if hearing the motion will expedite final disposition of the case).

### B.     Alter Ego

The Court must determine whether the FAC contains facts which, if accepted as true and construed in the light most favorable to Allegro, give rise to a reasonable inference that Jasko and Wellington are alter egos. "California recognizes alter ego liability where two conditions are met: First, where there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased; and, second, where adherence to the fiction of the separate existence of the corporation would . . . sanction a fraud or promote injustice." *Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (internal quotation marks and citation omitted).[3] "Factors suggesting an alter ego relationship include '[c]ommingling of funds and other assets [and] failure to segregate funds of the separate entities . . . ; the treatment by an individual of the assets of the corporation as his own . . . ; the disregard of legal formalities and the failure to maintain arm's length relationships among related entities . . . ; [and] the diversion [of assets from a corporation by or to a] stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets . . . between entities so as to concentrate the assets in one and the liabilities in another.'" *Id.* (quoting *Assoc. Vendors, Inc. v. Oakland Meat Co., Inc.*, 210 Cal. App. 2d 825, 837-40 (1962)) (alterations in original).

The FAC alleges the following facts with respect to Jasko. He is "an owner of Wellington," along with Griglak and Bizjak, FAC ¶¶ 5-7; he was Wellington's President at the time in question, *id.* ¶ 42; in his role as Wellington's President, Jasko represented to Allegro that Wellington would make the payments required under the Vendor Customer Terms Modification

---

[3] California law applies to Allegro's alter ego claims. *See Schwarzkopf*, 626 F.3d at 1037 ("In determining whether alter ego liability applies, we apply the law of the forum state").

United States District Court
Northern District of California

Agreement, *id.*; acting "on behalf of Wellington and Audax," Jasko promised to pay Allegro for its services, *id.* ¶¶ 50, 58; and Allegro relied upon Jasko's representation, *id.* ¶¶ 54, 62.[4]  The FAC also contains a number of conclusory allegations that parrot the alter ego requirements, for example, that there was "a unity of interest and ownership between" Wellington and Jasko such that "any individuality and separateness between" them has ceased.  *Id.* ¶ 9.

Those allegations are insufficient to state a claim against Jasko.  Putting aside Allegro's wholly conclusory allegations regarding unity of interest and lack of separateness, which the Court need not accept as true, *see Gilead*, 536 F.3d at 1055, the only *facts* alleged are that (1) Jasko is a part owner of Wellington; (2) Jasko is an officer of Wellington; and (3) in his capacity as a corporate officer, Jasko told Allegro that Wellington intended to pay monies due.  There are no allegations suggesting that Jasko has commingled corporate funds, treated corporate assets as his own, or disregarded corporate formalities.  Accordingly, Allegro has failed to state a claim against Jasko for the alleged contractual breaches and/or torts of Wellington under an alter ego theory.

### C.    Personal Liability

Allegro asserts that "[a]lthough the language of the First Amended Complaint is currently couched in 'alter ego' terms, there is no doubt that as stated, Allegro has set forth the essential elements of a claim to hold Jasko personally responsible for fraud in the inducement of Allegro's settlement agreement with the corporation."  Pl.'s Opp. at 8, ECF 68.  Not so.  Directors and officers of a corporation do not incur personal liability on contracts signed on behalf of the corporation unless they purport to bind themselves individually, and they do not incur personal liability for the torts of the corporation unless they participate in, authorize, or direct the wrong. *United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970).  Allegro has not alleged facts sufficient to show that Jasko participated in, authorized, or directed any fraud upon Allegro.  "In alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b) (emphasis added).  The FAC alleges that Wellington, through Jasko, represented that it would make payments to Allegro but

---

[4] Other allegations regarding Jasko are set forth in Claims 9-11, but because those claims have been dismissed they may not be considered here.

United States District Court
Northern District of California

that Wellington never intended to perform.  FAC ¶ 42.  The FAC does not allege that *Jasko* knew that Wellington would default on the agreement to pay or that *Jasko* intended to induce Allegro to take any particular action.  Accordingly, Allegro has failed to state a claim against Jasko individually.

Allegro represents that if given leave to amend it could add factual allegations to flesh out its claims against Jasko under both an alter ego theory and a personal liability theory.  Leave to amend is granted to cure those deficiencies.

**IV.   ORDER**

For the reasons discussed herein,

(1)   Defendant Jasko's motion to dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND;

(2)   Leave to amend is limited to curing the defects noted herein – Plaintiff may not add additional claims or parties without leave of the Court; and

(6)   Any amended complaint shall be filed on or before January 9, 2015.

Dated:   December 17, 2014

BETH LABSON FREEMAN
United States District Judge