1
2
3
4          **UNITED STATES DISTRICT COURT**
5          **NORTHERN DISTRICT OF CALIFORNIA**
6                 **SAN JOSE DIVISION**
7

8   ALLEGRO CONSULTANTS, INC.,              Case No.  13-cv-02204-BLF

            Plaintiff,

9                                           **ORDER GRANTING PLAINTIFF'S**
                                            **MOTION FOR DEFAULT JUDGMENT**
10      v.                                  **AGAINST DEFENDANT**
                                            **WELLINGTON TECHNOLOGIES,**
11  WELLINGTON TECHNOLOGIES, INC.,          **INC.; AND DIRECTING PLAINTIFF TO**
                                            **SUBMIT REVISED PROPOSED**
            Defendant.                      **DEFAULT JUDGMENT**
12
13                                          [Re: ECF 111]
14

15          Plaintiff Allegro Consultants, Inc. brought this suit against Defendant Wellington

16  Technologies, Inc. for breach of contract, fraud, and related claims after Wellington failed to pay

17  monies due for services rendered by Allegro.[1]  Allegro has filed a motion for default judgment

18  against Wellington.  The Court submitted the motion without oral argument pursuant to Civil

19  Local Rule 7-1(b).  *See* Order Submitting Motion Without Oral Argument; And Vacating Hearing,

20  ECF 112.  For the reasons discussed below, the motion is GRANTED.  However, Allegro must

21  submit a revised Proposed Default Judgment consistent with this order.

22  **I.      BACKGROUND**

23          The operative Second Amended Complaint ("SAC") alleges in relevant part as follows:  in

24  August 2007, Allegro and Wellington entered into a written Software Support Services Agreement

25  ("Services Agreement").  SAC ¶¶ 16, 24 and Exh. A, ECF 76.  Allegro fulfilled its obligations

26

27  _____
    [1] Allegro sued other entities and individuals as well, but all of those defendants have been
28  dismissed.

*United States District Court*
*Northern District of California*

under the Services Agreement but Wellington defaulted on payment.  SAC ¶¶ 24-26.  In

December 2010, Allegro and Wellington entered into a written Vendor Customer Terms

Modification Agreement ("Modification Agreement"), which provided that Wellington could pay

all invoices then due – totaling $651,461.34 – over a five-year period, with interest at 5% per year.

SAC ¶¶ 30-31 and Exh. B.  The Modification Agreement required Wellington to make equal

monthly installment payments of $12,293.88 for a period of sixty months.  SAC Exh. B.

Wellington made payments totaling $128,000 but ultimately defaulted once again.  SAC ¶ 31, 36.

Wellington also failed to pay for later services provided by Allegro under the Services Agreement

and not covered by the Modification Agreement.  SAC ¶ 25 and Exh. B.

Allegro served Wellington with the summons and SAC in May 2015 and, when

Wellington failed to respond, obtained a Clerk's entry of default against Wellington in June 2015.

*See* Return of Service, ECF 97; Clerk's Entry of Default, ECF 100.  Allegro now moves for

default judgment, seeking the remaining principal owed under the Modification Agreement,[2]

$523,461.34, plus contractual interest of 5% per year over five years on that amount, as well as

$81,266.76 for the additional services not covered by the Modification Agreement, plus statutory

prejudgment interest of 10% per year on that amount.  Allegro waives its costs.  *See* Mot. for Def.

Jud. at 4, ECF 111.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, a court may grant default judgment against

a defendant who has failed to plead or otherwise defend an action.  Fed. R. Civ. P. 55(b)(2).

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a

district court has an affirmative duty to look into its jurisdiction over both the subject matter and the

parties."  *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999).  The district court also must "assess the

adequacy of the service of process on the party against whom default is requested."  *DFSB*

---

[2] The SAC alleges that after execution of the Modification Agreement, Allegro and Wellington entered into an oral Settlement Agreement that increased the amount of principal due to $742,017.59 and changed the payment schedule.  SAC ¶ 36, ECF 76.  Allegro's motion for default judgment relies on the earlier written Modification Agreement, perhaps because the Modification Agreement provides that "[t]his Vendor Customer Terms Modification Agreement is not negotiable and may not be changed or altered orally."  SAC Exh. B.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   *Kollective Co., Ltd. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012) (internal quotation

2   marks and citation omitted).

3          Even when those requirements are satisfied, the plaintiff is not automatically entitled to a

4   default judgment, and "[t]he district court's decision whether to enter a default judgment is a

5   discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising that

6   discretion, courts in this district consider seven factors set forth by the Ninth Circuit in *Eitel v.*

7   *McCool* ("*Eitel* factors"):  "(1) the possibility of prejudice to the plaintiff, (2) the merits of

8   plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

9   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

10  due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

11  Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.

12  1986).

13         In evaluating these factors, well-pled allegations in the complaint regarding liability are

14  taken as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  "[T]he

15  plaintiff is required to provide proof of all damages sought in the complaint." *PepsiCo., Inc. v.*

16  *Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002).

17  **III.   DISCUSSION**

18         Allegro has satisfied the basic requirements for entry of default judgment against

19  Wellington.  Accepting all well-pled factual allegations in the SAC as true, the Court has diversity

20  jurisdiction over the action.  *See* SAC ¶ 20 (alleging complete diversity of citizenship and an

21  amount in controversy exceeding $75,000), ECF 76.  The Court has personal jurisdiction over

22  Wellington, an Ohio resident, because the action arises from breach of contracts that Wellington

23  entered into with Allegro in California.  *See* SAC ¶ 21.  Allegro has filed a proof of service

24  showing service of process on Wellington.  Return of Service, ECF 97.

25         The *Eitel* factors likewise support entry of default judgment, although as discussed below

26  Allegro seeks prejudgment interest under the wrong state's law and thus will be required to submit

27  a revised Proposed Default Judgment consistent with this order.

28

United States District Court
Northern District of California

Prejudice to the Plaintiff

With respect to the first factor, prejudice to the plaintiff, Allegro would have no recourse absent default judgment because Wellington has elected not to respond to the complaint, thereby denying Allegro a hearing on its claims that Wellington owes payment for services rendered.

Merits of Claims and Sufficiency of Complaint

The second and third factors, addressing the merits of the plaintiff's claims and the sufficiency of the complaint, are satisfied when the plaintiff asserts claims upon which it may recover. *See IO Group, Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010).  The SAC adequately states claims for breach of contract based upon both Wellington's breach of the Modification Agreement and its failure to pay for later services provided under the Services Agreement.  SAC ¶¶ 24-26, 30-33, Exhs. A, B.

Sum of Money at Stake

Turning to the fourth factor, the sum of money at stake, Allegro submits the Modification Agreement, which recites the original principal amount of $651,461.34; a listing of unpaid invoices covered by the Modification Agreement, including the invoice numbers, dates, and amounts due; and a declaration of Allegro's President, Steve Cooper, stating that Wellington paid $128,000 of the $651,461.34 referenced in the Modification Agreement but that $523,461.34 remains owing.  Cooper Decl. ¶¶ 1-4 and Exh. B.  The Modification Agreement expressly provides for payment of interest at a rate of 5% per year over five years.  Cooper Decl. Exh. B.  Allegro submits the declaration of its counsel, Nick Heimlich, who provides the calculation of interest due under the Modification Agreement in the amount $130,865.35.  Heimlich Decl. ¶ 3.  This evidence is sufficient to establish that an award of $654,326.69 is appropriate for breach of the Modification Agreement, representing an unpaid principal balance of $523,461.34 plus contractual interest of $130,326.69.

With respect to invoice amounts for services provided under the Services Agreement and not covered by the Modification Agreement, Allegro submits Cooper's declaration statements that after the parties negotiated the Modification Agreement, additional services were rendered in the amount of $81,266.76; those amounts were billed to Wellington; and Wellington did not pay.

Cooper Decl. ¶ 5. Allegro attaches a copy of the Services Agreement and a listing of the unpaid invoices in question, including the invoice numbers, dates, and amounts due. Cooper Decl. Exhs. A, B. This evidence is sufficient to establish that an award of $81,266.76 is appropriate for the additional services provided under the Services Agreement and not covered by the Modification Agreement.

Allegro seeks statutory prejudgment interest on the $81,266.76 under California law, which provides that "[i]f a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach." Cal. Civ. Code § 3289. However, the Services Agreement under which the services were provided and invoiced contains a choice-of-law provision specifying Ohio law. *See* SAC ¶¶ 24-25, ECF 76; Services Agreement ¶ 9(B). "Prejudgment interest in a diversity action is . . . a substantive matter governed by state law." *United States Fidelity and Guaranty Co. v. Lee Investments LLC*, 641 F.3d 1126, 1139 (9th Cir. 2011) (internal quotation marks and citation omitted) (ellipses in original). Under Ohio law, "when money becomes due and payable upon any bond, bill, note, or other instrument of writing . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." Ohio Rev. Code § 1343.03(A). Section 5703.47 provides for a variable interest rate determined by the Ohio Department of Taxation and based upon the federal short-term rate. Ohio Rev. Code § 5703.47. For 2016, the rate is 3%. *See* Ohio Dep't of Taxation Admin., http://www.courtclerk.org/forms/judgment_interest_2016.pdf.

Under California's choice-of-law rules,[3] a contractual choice-of-law provision will be enforced if "(1) the chosen jurisdiction has a substantial relationship to the parties or their transaction; or (2) any other reasonable basis for the choice of law provision exists . . . unless the chosen jurisdiction's law is contrary to California public policy." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1183 (9th Cir. 2009). The substantial relationship test is met where one of the parties

---

[3] In diversity cases, the district court applies the forum state's choice-of-law rules. *First Intercontinental Bank v. Anh*, 798 F.3d 1149, 1153 (9th Cir. 2015).

United States District Court
Northern District of California

is domiciled in the chosen jurisdiction.  *See Nedlloyd Lines, BV v. Sup. Ct. of San Mateo Cnty.*, 3 Cal. 4th 459, 467 (1992).  Wellington is a citizen of Ohio.  *See* SAC ¶ 2, ECF 76.  Thus Ohio's prejudgment interest rate applies unless application of that rate would violate California public policy.  The Court has been unable to discover any authority suggesting that application of another state's prejudgment interest rate, rather than California's, would violate California public policy.  Accordingly, Allegro is entitled to prejudgment interest on the $81,266.76 in unpaid invoices under Ohio law rather than California law.

<u>Dispute re Material Facts and Whether Default was due to Excusable Neglect</u>

The fifth factor, the possibility of a dispute regarding material facts, and the sixth factor, whether the default was due to excusable neglect, weigh in favor of default judgment.  Wellington has made no effort to challenge the SAC or to oppose default judgment despite notice of the present motion.  *See* Proof of Service Re Motion, ECF 111-8.  Therefore, there is nothing in the record to suggest a factual dispute or excusable neglect.

<u>Policy Favoring Decision on the Merits</u>

The seventh and final factor, the strong public policy favoring decisions on the merits, does not preclude default judgment when the other *Eitel* factors favor it.  *See PepsiCo.*, 238 F. Supp. 2d at 1177.  Here, Wellington's failure to answer the SAC "makes a decision on the merits impractical, if not impossible."  *Id.*

Accordingly, the Court concludes that Allegro has demonstrated its entitlement to default judgment in the total principal amount of $604,728.10, plus prejudgment interest.  As to the $523,461.34 principal amount due under the Modification Agreement, Allegro is entitled to contractual interest in the amount of $130,326.69.  As to the $81,266.76 principal amount due in unpaid invoices under the Services Agreement, Allegro is entitled to statutory prejudgment interest under Ohio law.  Allegro shall submit a revised Proposed Default Judgment consistent with this order.  The revised Proposed Default Judgment must be supported by admissible evidence as to the applicable interest rate(s) and the amount of prejudgment interest to which Allegro is entitled under Ohio law.

//

United States District Court
Northern District of California

**IV.   ORDER**

    (1)    Allegro's motion for default judgment is GRANTED as set forth herein; and

    (2)    Allegro shall file a revised Proposed Default Judgment, consistent with this order, on or before May 5, 2016.

Dated:  April 25, 2016

_____

BETH LABSON FREEMAN
United States District Judge